2024 IL App (2d) 240489-U
No. 2-24-0489
Order filed October 16, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kendall County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 24-CF-247 |
| ANTONIO M. ERVIN, | ) ) ) | Honorable Jody Patton Gleason, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE JORGENSEN delivered the judgment of the court.
Presiding Justice McLaren and Justice Birkett concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Circuit court's denial of pretrial release did not constitute an abuse of discretion, where it reasonably determined that the proof was evident and the presumption great that defendant committed a detainable offense and that no set of conditions could mitigate the threat defendant posed to the community.  Affirmed.

¶ 2    Defendant, Antonio M. Ervin, appeals from the denial of pretrial release under article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022)), as amended by Public Act 101-652 (eff. Jan. 1, 2023).  See Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending various provisions of Public Act 101-652 (eff. Jan. 1, 2023)).  We affirm.

¶ 3                                    I. BACKGROUND

¶ 4    On August 7, 2024, the State charged defendant by information with unlawful possession of a controlled substance with intent to deliver 100 grams or more but less than 400 grams of cocaine (720 ILCS 570/401(a)(2)(B) (West 2022) (Class X)), unlawful possession of a controlled substance (*id.* § 570/402(a)(2)(B) (Class 1)), unlawful possession of a weapon by a felon (*id.* § 5/24.1-1(a) (Class 3)), and possession of a firearm without a Firearm Owner's Identification Card (430 ILCS 65/2(a)(1), 14(c)(3) (West 2022) (Class 3)).  On August 8, 2024, the State petitioned to deny defendant pretrial release, arguing that defendant was charged with a felony and his pretrial release posed a real and present threat to the safety of any person or the community.  725 ILCS 5/110-6.1(a)(1), (6) (West 2022).  Also, the State referenced defendant's criminal history and that defendant had pending charges in Kane County (case No. 24-CF-1150) for unlawful possession of a controlled substance and driving under the influence (DUI) and scored an 8 (out of 14) on a risk assessment instrument.  The State also argued that defendant posed a risk of not appearing in court.

¶ 5    The State attached to its petition the police synopsis, which related as follows.  On August 7, 2024, at about 7:37 p.m., an Aurora police special operations group executed a search warrant at the residence at 2930 Heather Lane in Montgomery.  (Defendant had been arrested prior to execution of the warrant during a traffic stop after leaving the residence.)  During the search of the residence, police found in three bags in a cupboard of a basement bar 320.2 grams of a substance that field-tested positive for cocaine.  The street value of the suspected cocaine was $32,000.  Also found in the cupboard were two boxes of plastic sandwich baggies (one of which was opened), two working digital scales (one of which had white residue that field-tested positive for cocaine), and a glass measuring cup and a plastic cup (both with white residue that field-tested positive for cocaine).  A sign on top of the bar read "Antonio's bar."  In a room adjacent to the basement bar area, police found an Olympic Arms MFR rifle and a Magpul PMag 30 magazine with five 5.56

rounds of ammunition. In the upstairs master bedroom closet, police found a FN Five-Seven 5.7x28 handgun and a Pro Mag magazine with 33 rounds of 5.7x28 ammunition. Police collected $6272 in United States currency from a box in the upstairs master bedroom closet, along with a traffic citation written to defendant at the residence and tax documentation for him. On the kitchen counter, police found a Village of Montgomery utility bill addressed to defendant at the residence.

¶ 6 Vito McIntee, defendant's father, arrived during the search and agreed to speak to police. He lives with defendant at the residence in the basement bedroom. McIntee never observed firearms or drugs, besides cannabis, in the house. Nor did he know defendant to have any firearms or drugs. McIntee stated that defendant had been to prison for drugs in the past but thought he had been done with dealing drugs.

¶ 7 The State also attached as an exhibit to its petition a pretrial services investigation report. It related that defendant is not married and has a one-year-old child who resides with him at the residence. He does not have family living in the Kendall County area. He will drive himself to future court dates, and records reflected that he had a valid driver's license. Defendant reported that he was employed with AME Trucking LLC, and his annual income is $100,000. Defendant had a pending case in Kane County for possession of a controlled substance (other drug-any amount), DUI (alcohol), and DUI (BAC .08 or more).

¶ 8 Defendant's criminal history includes, among others, convictions for: manufacture/deliver controlled substance-cocaine (2015; 10 years' imprisonment); three drug-possession offenses (2010, 2009, and 2007; 30 months', 72 months', and 24 months' imprisonment); and aggravated battery/harm/peace officer (two in 2008; 3 years' imprisonment in each). A pretrial risk assessment identified defendant's level of risk of pretrial misconduct as moderate. The pretrial report also noted that, based on a review of defendant's criminal history, defendant missed at least

one previous court date where a warrant was issued. Pretrial services recommended that defendant be released with pretrial supervision and that the court consider ordering that defendant be placed on GPS monitoring.

¶ 9    Also included as exhibits to the State's petition were photographs of the items in the cupboard, the FN Five-Seven handgun, and the currency, along with a copy of the search warrant. The warrant complaint and affidavit related that, in May 2024, police learned from a confidential informant that defendant was selling cocaine. The informant made three controlled purchases of cocaine from defendant. The informant met defendant in a parking lot and entered a black GMC Sierra (which defendant had driven from his residence) to purchase the cocaine, after which the Sierra drove to defendant's residence and defendant exited the vehicle and entered the residence.

¶ 10    On August 9, 2024, the circuit court granted the State's petition. The court noted that, based on the police synopsis, pretrial services report, search warrant, and photographs, the State had proved by clear and convincing evidence that the proof was evident and presumption great that defendant committed a detainable offense. It also found that defendant posed a real and present threat to the community, based on evidence that: he was in possession of drugs, ammunition, and firearms; was selling drugs; committed a felony while on release from Kane County; and sold cocaine to a confidential informant three times prior to his arrest. The court also noted that defendant was not allowed to have guns in his home. Finally, the court found that less restrictive conditions would not assure the safety of the community and assure defendant's appearance in court. It noted that defendant was on release from Kane County when he allegedly committed the present offenses, and he has a history of drug possession or manufacturing and delivering a controlled substance; release "does not appear to prevent him from doing the same behavior." He was also allegedly selling/packaging cocaine from his residence. No conditions

could prevent his behavior. The court also determined that GPS monitoring, which would only inform police if defendant was in his home, would not prevent any illegal activity within the home; the three controlled buys, as noted in the search warrant application, occurred after defendant left his house to travel to the location where the buys took place. It also noted that the courts do not have the resources to monitor defendant "24/7."

¶ 11    On August 16, 2024, defendant filed a motion for relief. Ill. S. Ct. R. 604(h)(2) (eff. April 15, 2024). Addressing the evidence concerning the cocaine, defendant noted that it stemmed from controlled buys by a confidential informant and the discovery of cocaine in his residence pursuant to the search warrant. The cocaine seized from his residence was in a common area of the property where he resides with an additional adult, he asserted. Further, the weapons, which were found in the house during the search, included one that was seized from a common area. Next, addressing his employment, defendant noted that he is responsible for the daily business operations of his company (he is the principal owner), including billing and payroll matters, and can engage in those activities from his home. He is responsible for four employees, as well as subcontractors, who depend on him for their livelihoods. Defendant also noted that he responsible for the financial needs of his 14-month-old son, with whom he shares physical custody with the child's mother. The two parties co-parent by equally dividing parenting time.

¶ 12    Next, addressing conditions that could mitigate the risk that his pretrial release would pose, defendant sought "house arrest," specifically GPS monitoring with movement allowed only for purposes of attending court appearances, meeting with his attorneys, and meeting with pretrial services. Defendant noted that he has an in-house security system that includes video surveillance of the property (cameras covering the back yard and front of the garage, plus a doorbell camera), and he noted that he would give police unrestricted access to such surveillance were he placed on

home confinement. He also noted that he was willing to add additional surveillance equipment to be allowed to return to his property. Defendant contended that he would allow police to access his property to conduct a search to ensure no contraband was in the home at that time and directly prior to his return to the residence. He argued that the foregoing measures would alleviate any concerns of ongoing criminal enterprise by him at his property.

¶ 13    On August 19, 2024, the circuit court denied defendant's motion. Granting police access to search defendant's house or to review security videos, the court found, would not prevent defendant from selling drugs from the residence. The sheriff's office, it noted, did not have the resources to constantly monitor defendant. Addressing defendant's child, the court found that residing in defendant's home was dangerous for the child, as the cocaine located in the home was not secured in a safe, for example, and the weapon found in the master bedroom closet with a magazine with 33 rounds of ammunition was not in a locked safe. Defendant could have someone else run his trucking business, the court suggested. The court determined that there was no combination of conditions that could alleviate the necessity to detain defendant.

¶ 14    On August 27, 2024, defendant filed a notice of appeal. The Office of the State Appellate Defender declined to file a memorandum pursuant to Illinois Supreme Court Rule 604(h)(7) (eff. April 15, 2024). The State has submitted a memorandum opposing defendant's appeal.

¶ 15                                II. ANALYSIS

¶ 16    Pretrial release is governed by article 110 of the Code. 725 ILCS 5/110 (West 2022). Under the Code, as amended, all persons charged with an offense are eligible for pretrial release, and a defendant's pretrial release may only be denied in certain statutorily limited situations. *Id.* §§ 110-2(a), 110-6.1(e). As relevant here, upon filing a verified petition requesting denial of pretrial release, the State has the burden to prove by clear and convincing evidence that the proof

is evident or the presumption great that the defendant has committed a detainable offense (*id.* § 110-6.1(e)(1)), that the defendant's pretrial release poses a real and present threat to the safety of any person or the community (*id.* § 110-6.1(e)(2)), and that no condition or combination of conditions can mitigate that risk (*id.* § 110-6.1(e)(3)). "Evidence is clear and convincing if it leaves no reasonable doubt in the mind of the trier of fact as to the truth of the proposition in question." *Chaudhary v. Department of Human Services*, 2023 IL 127712, ¶ 74.

¶ 17    We review defendant's arguments under a bifurcated standard of review: the court's factual determinations are reviewed to determine whether they are against the manifest weight of the evidence, and the court's ultimate determination regarding denial of pretrial release is reviewed for an abuse of discretion. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13. An abuse of discretion occurs when the court's decision is unreasonable. *Id.* Likewise, a decision is against the manifest weight of the evidence where the court's determination is unreasonable. *Id*.

¶ 18    Defendant, at best, raised two arguments in his motion for relief. First, he argued that the State did not establish that the proof was evident and the presumption great that he committed a detainable offense. Second, he argued that the State did not show that no condition or combination thereof could mitigate the risk that his pretrial release would pose.

¶ 19    As to the first argument, defendant notes that the cocaine and one of the weapons seized from his residence were in a common area of the property where he resides with an additional adult. The circuit court noted that it based its finding that defendant committed a detainable offense on the police synopsis, pretrial services report, search warrant, and photographs taken during the search. These are proper sources from which to base its findings. For example, a police synopsis constitutes reliable information upon which the State may rely in making its proffer and, further, that synopsis alone may suffice to sustain the State's burden. See, *e.g.*, 725 ILCS 5/110-

6.1(f)(2) (West 2022); *People v. Horne*, 2023 IL App (2d) 230382, ¶ 24. The synopsis related that police found a handgun and magazine with 33 rounds of ammunition in the upstairs master bedroom closet and a traffic citation written to defendant. The court reasonably found that defendant used the master bedroom and that the weapon was his. From this, the search warrant and the pretrial services report (which related that defendant had a pending case for possession of a controlled substance), the court also reasonably determined that the other weapon and the drugs and related paraphernalia belonged to defendant.

¶ 20    Next, turning to his primary contention, defendant argues that the State did not establish that no conditions of release would mitigate the threat he posed. He asserts that any potential danger could be mitigated by GPS monitoring, his in-house security system (to which he would agree to unrestricted access by police), additional surveillance equipment, and police access to his property to conduct a search to ensure no contraband was in the home directly prior to his return to the residence. Where the circuit court finds that the State proved a valid threat to the safety of any person or the community, the court must determine which pretrial release conditions, "if any, will reasonably ensure the appearance of a defendant as required or the safety of any other person or the community and the likelihood of compliance by the defendant with all the conditions of pretrial release." 725 ILCS 5/110-5(a)(1)-(6) (West 2022). In reaching its determination, the circuit court must consider: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the seriousness of the threat the defendant poses to any person or the community. *Id.* We conclude that the circuit court did not err in finding that there was no combination of conditions that could alleviate the necessity to detain defendant. The court reasonably determined that the courts and police lack resources to constantly monitor a defendant who is on GPS monitoring for conducting

drug-related activities from his home. Further, when defendant was charged in this case, he had pending charges in Kane County for unlawful possession of a controlled substance and DUI (and was on pretrial release for such), along with a history of drug-related convictions. The alleged activities here involved a large amount of cocaine, evidence of the sale of cocaine (including three controlled buys and drug paraphernalia in his home that tested positive for cocaine), and illegal possession of firearms. This evidence reasonably reflected defendant's disregard for court orders and that no condition or combination thereof, including GPS monitoring, would mitigate the threat defendant posed to community safety.

¶ 21    In summary, the circuit court did not abuse its discretion in granting the State's petition to deny defendant pretrial release.

¶ 22                                  III. CONCLUSION

¶ 23    For the reasons stated, we affirm the judgment of the circuit court of Kendall County.

¶ 24    Affirmed.